### DORA RUSSELL v. HENRY RUSSELL.

*Petition for maintenance—Allowance.*

In this case a weekly allowance to complainant, under Act No. 149, Laws of 1885, is held to be sufficient, and the decree of the court below is affirmed.

Appeal from Wayne. (Hosmer, J.) Argued upon the manuscript record and written briefs, June 19, 1889. Decided June 28, 1889.

Petition for maintenance and support. Complainant appeals from a decree allowing her two dollars per week. Decree affirmed. The facts are stated in the opinion.

*James H. Pound,* for complainant.

*William F. Atkinson,* for defendant.

MORSE, J. The parties in this case were married in 1876. In 1880 they separated, and have not lived together since.

In May, 1887, complainant filed her petition in the circuit court for the county of Wayne, in chancery, alleging desertion and non-support, and praying for a decree of a weekly allowance for her maintenance and support.

This petition was filed under Act No. 149, Laws of 1885.

The defendant answered, denying the desertion, and alleging that the separation was forced upon him by his wife.

Upon the pleadings and proofs, Judge Hosmer granted the petition, and decreed that the defendant should pay the complainant two dollars per week from January 7, 1889, on Monday of each week, and $25 solicitor's fees, and the costs of the proceeding to be taxed.

The complainant appealed to this Court, and, upon show-

ing, we consented to hear the appeal upon the manuscript record and on written briefs. There was no appearance for the defendant on the argument

The statute above cited provides that the circuit judge—

" Shall allot, assign, set apart, and decree to her, as alimony, the use of such part of her husband's real and personal estate, or such proportion of his earnings, income, or revenue, as the court may determine in its discretion," etc.

This act is an amendment to the first section of the law of 1873. How. Stat. §§ 6291–6293.[1] The amendment brings the earnings and the income or revenue of the husband within the power of the court, and authorizes an allotment of a proportion of the same to the support of the wife.

In this case the defendant was shown to have nothing but his monthly earnings as an employé of the fire department, and a few hundred dollars that he had saved from such earnings since the separation. Nothing is shown affecting the health of complainant.

We have examined the testimony and proceedings in the case, and are satisfied that the weekly allowance, under the proofs, is large enough. We are not certain that the husband is any more to blame than is the wife for the existing state of affairs, and we are convinced that a discussion of the details of the marital differences of the parties would not be of any benefit to the profession or the public.

The decree of the court below is affirmed, without costs to either party.

The other Justices concurred.

---

[1] See Act No. 90, Laws of 1887, for important changes in act of 1885.